**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION**<br><br>This Document Relates to:<br><br>*Kramer, et al. v. Philips, et al.*, #23-540 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

## MEMORANDUM OPINION

I.    <u>Introduction</u>

Pending before the court is a motion to dismiss Civil Action No. 23-540 with prejudice (ECF No. 18), with brief in support (ECF No. 19), for failure to comply with this court's "show cause" order (ECF No. 17) dated June 13, 2025 filed by Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips"). Reginald Langford ("Langford") filed a response to the show cause order on September 24, 2025 (ECF No. 21). The motion is ripe for decision.

II.    <u>Procedural History</u>

The case was originally filed in the United States District Court for the Northern District of Illinois and was transferred to the United States District Court for the Western District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. § 1407. Langford is the sole remaining plaintiff. The other

plaintiffs, Kimberley Kramer and Angelica Quintana, filed stipulations of dismissal (ECF Nos. 14, 15).

On May 9, 2024, the Court entered a Docket Management Order ("DMO") (Misc. No. 21-1230, ECF 2769), which set deadlines for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in the settlement of personal injury claims). On February 28, 2025, Philips filed a Notice at Langford's case, to reiterate that the DMO deadlines applied to him (ECF No. 13). As set forth in DMO ¶¶ 20 and 21, if a Litigating Plaintiff like Langford fails to comply with the DMO, his complaint is subject to dismissal with prejudice.

On June 10, 2025, Philips filed a motion (ECF No. 16) for the court to enter a "show cause" order for Langford to explain why his case should not be dismissed with prejudice for failure to comply with the DMO deadlines. The court granted Philips' motion and entered the show cause order (ECF No. 17). That order provided, in relevant part:

> ORDER TO SHOW CAUSE. All Plaintiffs listed in Exhibit A to this Order shall, no later than July 7, 2025, either (1) cure the deficiencies noted in Exhibit A to this Order and provide proof of having done so to the Court, or (2) file a response demonstrating good cause for their failure to cure. Pursuant to paragraph 21 of the Docket Management Order, ECF No. 2769, failure to do so shall result in dismissal of the relevant Plaintiff's claims with prejudice.

*Id.*

Langford did not respond to the show cause order. On September 2, 2025, Philips filed the pending motion to dismiss (ECF No. 18). Langford, by his counsel, filed a response

acknowledging that he had not obtained any information that would enable him to meet the requirements outlined in the DMO (ECF No. 21).[1]

III.    Discussion

Philips seeks dismissal of this case with prejudice.  With respect to the DMO and show cause orders, Philips reports that Langford did not provide any of the required information. Langford's response did not articulate any explanation or good cause for his failure to comply with those orders and acknowledges that he is unable to do so.

The deadlines in the DMO were designed to create an efficient process for all litigants – including Langford.  There was no surprise because the DMO was issued more than a year ago, on May 9, 2024 (ECF No. 2769).  A reminder to Langford was docketed on February 28, 2025. Langford, therefore, was on notice of his duties, among other things, to complete a plaintiff fact sheet, provide authorizations for medical records and obtain an expert report.  Much of the information required by the DMO concerns only Langford's claims and is not dependent on access to forms or discovery directed to other parties.

Langford did not explain why he was unable to comply with the DMO deadlines or the "show cause" deadlines.   Langford did not ask the court for an extension of time to gather the required information.  Langford did not articulate any steps he took to attempt diligently to comply with the deadlines.

As set forth in DMO ¶ 20 and 21, Langford's complaint is subject to dismissal with prejudice.  The court issued the "show cause" order contemplated by ¶ 21 of the DMO to

---

[1] Langford's response represented that he does not have a qualifying injury that would have made him eligible for the personal injury settlement program (ECF No. 21).  The deadlines for participating in that settlement have expired and the existence of a qualifying injury (or lack thereof) for the settlement does not affect the duties of a Litigating Plaintiff under the DMO.

Langford on June 13, 2025 (ECF No. 17).  Langford failed to cure the deficiencies or to demonstrate good cause for that failure.


    IV.    <u>Conclusion</u>

    For the reasons set forth above, this case will be dismissed with prejudice for failure to comply with the DMO deadlines and failure to show good cause for the failure to cure the deficiencies.

    An appropriate order will be entered.


Dated: October 10, 2025

BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Court Judge